THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Clarence E. Bamberg, Appellant.
 
 
 

Appeal From Richland County
 L. Casey Manning, Circuit Court Judge
Unpublished Opinion No.  2010-UP-249  
Submitted April 1, 2010  Filed April 21,
 2010
AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Julie M. Thames, and Solicitor Warren Blair Giese, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Clarence E.
 Bamberg appeals his convictions for possession of marijuana, second offense,
 and possession with intent to distribute crack cocaine, second offense.  Bamberg
 argues (1) the trial court erred in admitting drug evidence because the State
 was unable to establish a reliable chain of custody, and (2) the trial court
 erred by making improper comments during jury instructions.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:   
1.  As
 to whether the trial court erred in admitting drug evidence:  State v.
 Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) ("[M]aking
 a motion in limine to exclude evidence at the beginning of
 trial does not preserve an issue for review because a motion in limine is not a final determination.  The moving party, therefore, must make a
 contemporaneous objection when the evidence is introduced.") (internal
 quotations omitted).  
2.  As
 to whether the trial court made improper comments during jury instructions:  Rule
 20(b), SCRCrimP (stating failure to object to the giving or failure to give a
 jury instruction shall constitute waiver of the objection); State v. Whipple,
 324 S.C. 43, 52, 476 S.E.2d 683, 688 (1996) (noting the failure to object to a charge as given,
 or to request an additional charge when given an opportunity to do so, constitutes
 a waiver of the right to complain on appeal).  
AFFIRMED.
PIEPER
 and GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.